IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORMAN FRANK GROSS,             )
                                   )
Plaintiff,                  )
                                   )
v.                          )   Civil Action No. 12-269
                                 )   Magistrate Judge Cynthia Reed Eddy
WARDEN WILLIAM SCHOPPE; *ET AL.*,  )
Defendants.           )
                                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a civil rights complaint in this Court on March 2, 2012. On June 4, 2012, Defendants filed a Motion to Dismiss (ECF No. 51) along with a Brief in support thereof (ECF No. 52) claiming that the complaint should be dismissed for failure to state a claim upon which relief may be granted. On June 7, 2012, the Court ordered Plaintiff to file a response to the motion to dismiss on or before July 13, 2012. To date, Plaintiff has not complied with the Court's order, which specifically stated that Plaintiff's failure to comply would result in dismissal of this action for failure to prosecute. Moreover, Plaintiff has not filed any motions for an extension of time within which to comply with the Court's Order. Instead, Plaintiff filed a Motion to Amend his Complaint to add new causes of action that post-date the filing of his original complaint and do not relate back to the issues raised in the original complaint. This Court denied that motion advising Plaintiff that if he chose to pursue these claims, he must file a separate lawsuit and pay a separate filing fee and comply with the exhaustion requirements of the PLRA.

On August 15, 2012, the undersigned entered an order requiring Plaintiff to show cause why his case should not be dismissed for failure to prosecute, and he was ordered to respond by September 7, 2012. To date, Plaintiff has neither filed any response to Defendants' pending motion nor any motion for an extension for time within which to do so.

This case has been lingering since March of 2012 solely through the fault of the Plaintiff, and should not be allowed to linger any longer.  The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court.  Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action.  Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962);Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff for failure to comply with an order of the court.  *See, e.g.,* Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming district court's dismissal with prejudice of *pro se* prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion).  In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case

under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* at 109. In short, a pro se litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id.* at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se* plaintiff's failure to respond to an opposing party's motion to dismiss or motion for summary judgment motion provides a basis for dismissing an action for failure to prosecute. *See, e.g.,* Shipman v. Delaware, 381 Fed. App'x 162, 164 (3d Cir. 2010); Jackson v. U.S. Bankruptcy Court, 350 Fed. App'x 621, 625 (3d Cir. 2009) (concluding that District Court did not abuse its discretion in dismissing this case for failure to prosecute based on, *inter alia*, plaintiff's failure to respond to three pending motions to dismiss); Allen v. American Federation of Government Employees, 317 Fed. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court); Gagliardi v. Courter, 144 Fed. App'x 267 (3d Cir. 2005) (holding that district court did not abuse its discretion by dismissing, for failure to prosecute, a complaint where plaintiff failed to respond to motion to dismiss for more than three months and plaintiff did not appear to have a meritorious cause of action); Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994); Wade v. Wooten, No. 90-2373, 1993 WL 298715, at *6 (E.D. Pa. July 30, 1993); Gay v. Wright, No. 90-0770, 1990 WL 145553, at *3-4 (E.D. Pa. Sept. 27, 1990); Padro v. Heffelfinger, 110 F.R.D. 333-35 (E.D. Pa. 1986).

In <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), the Court

of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to

whether to dismiss a claim as a sanction:

(1)    extent of the party's personal responsibility;

(2)    prejudice to the adversary;

(3)    a history of dilatoriness;

(4)    whether the conduct of the party or the attorney was willful or in bad faith;

(5)    effectiveness of sanctions other than dismissal; and

(6)    meritoriousness of the claim or defense.

In weighing the <u>Poulis</u> factors, the established presumption is that doubts should be

resolved in favor of reaching a decision on the merits. <u>Scarborough v. Eubanks</u>, 747 F.2d 871,

878 (3d Cir. 1984).  Notwithstanding, although a court must balance the six factors, it need not

find that all factors are met before it may dismiss an action with prejudice.  <u>Hoxworth v.</u>

<u>Blinder, Robinson & Co.</u>, 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part

test in reviewing sanction orders that deprive a party of the right to proceed with or defend

against a claim); <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that

all of the factors point toward a default before that sanction will be upheld).  Under these

directives, this Court will analyze the present action to determine whether it should be dismissed

based on Plaintiff's failure to prosecute.

First, in consideration of the plaintiff's responsibility, the court notes that the plaintiff is

proceeding *pro se*.  On June 4, 2012, Defendants filed a motion to dismiss.  On June 7, 2012,

the Court ordered Plaintiff to file a response by July 13, 2012.  Over two months have passed

and Plaintiff has failed to respond to the motion.  Hence, on August 15, 2012, the undersigned

entered an order requiring Plaintiff to show cause why his case should not be dismissed for

failure to prosecute, and he was ordered to respond by September 7, 2012. Thus, Plaintiff is solely responsible for his failure to respond.

Secondly, Plaintiff has prejudiced Defendants since his failure to respond has made it difficult for this court to determine whether there are any genuine issues of material fact. Plaintiff's complaint forced Defendants to retain attorneys and expend time and energy to resolve this matter. By failing to respond to the Defendants' motion, a decision on this matter has been unduly delayed. Thirdly, Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders to respond to Defendants' motion. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. Fourthly, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone. Accordingly, the court can infer that this failure is willful. Fifthly, there are no alternative sanctions which would adequately punish the plaintiff for his failure to answer defendant's motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious. Finally, for the reasons set forth in Defendants' Motion, it does not appear that Plaintiff's complaint has set forth any grounds upon which relief may be granted.

At least five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, this action will be dismissed for Plaintiff's failure to prosecute it. An appropriate order follows.

**AND NOW**, this **12**th day of September, 2012;

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to prosecute.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss (ECF No. 51) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Cynthia Reed Eddy
United States Magistrate Judge

Norman Frank Gross
776290
Anne Arundel County Jail
131 Jennifer Road
Annapolis, MD 21401